UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RODNEY EARL CUTTS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:07CV544(JCH) |
|  | ) |  |
| KECIA NICOLE WRIGHT, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Rodney Earl Cutts (registration no. 41072), a prisoner at the St. Louis City Justice Center (SLCJC), for leave to commence this action without payment of the required filing fee [Doc. #2]. Also before the Court is applicant's motion for appointment of counsel [Doc. #7]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $10.17. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

1

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $50.83, and an average monthly account balance of $0. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.17, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 ( 2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint[1]

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Kecia Nicole Wright, Kevin Morris, Edward Morris, Patrick D. Daut (police officer), Kevin R. Rudolph (police

---

[1] For purposes of this review, the complaint consists of the original complaint [Doc. #1], the amended complaint [Doc. #10], and the supplemental filings [Docs. #4, #6, #9, #11, #12, #13, and #15].

officer), and the St. Louis City Police Department.[2]

Liberally construing the complaint and attached exhibits, plaintiff alleges that Kecia Nicole Wright set him up to be beaten by defendants Kevin and Edward Morris on August 5, 2006. Plaintiff also alleges that Kecia Wright lied to the police by telling them that she had been raped by plaintiff three days earlier. Plaintiff alleges that he has been charged with assault (third degree) - apparently for allegedly assaulting defendant Kecia Nicole Wright - but that defendants Kevin and Edward Morris have not been charged with assaulting him. Plaintiff alleges that he has been falsely arrested and that the police refused to press charges against Kevin and Edward Morris for assaulting him.[3]

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Defendants Kecia Nicole Wight, Kevin Morris, and Edward Morris are private individuals, not state officers. As such, plaintiff has failed to state a § 1983 claim against these defendants. West v. Atkins, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must allege the

---

[2] It appears from the complaint and other documents that "Kevin Wright" is actually "Kevin Morris" and "Edward Wright" is actually "Edward Morris."

[3] At the time of his arrest, plaintiff was wanted on several capias warrants issued in connection with apparently unrelated criminal cases. See [Doc. # 12].

4

violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law). Therefore, plaintiff's claims against these defendants must be dismissed.

Plaintiff's claims against defendants Daut, Rudolph, and the St. Louis City Police Department should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). As previously noted, plaintiff's exhibits indicate that plaintiff had several outstanding capias warrants at the time of his arrest on the assault charges. Even assuming, for the sake of argument, that the assault arrest charge is false, it was still proper for the police defendants to arrest plaintiff on the outstanding capias warrants. Therefore, plaintiff's false arrest claim fails. Furthermore, the exhibits attached to the complaint indicate that defendants Daut and Rudolph did arrest Kevin and Edward Morris on charges of assault (second degree). There is nothing in the complaint to indicate that these defendants made the decision to release Kevin and Edward Morris or the decision not to pursue prosecution against them.[4] See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged

---

[4]The Court notes that the decision to prosecute crimes is usually within the purview of the prosecuting attorney, not police officers.

5

deprivation of rights"); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits). Therefore, plaintiff's claims against these defendants should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk docket this case as follows: Rodney Earl Cutts v. Kecia Nicole Wright, Kevin Morris, Edward Morris, Patrick D. Daut, Kevin R. Rudolph, and the St. Louis City Police Department, No. 4:07CV544(JCH).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #7] is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $10.17 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 16th day of /s/ Jean C. Hamilton, 2007.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**